Dayton *v.* Burnet.

ADMINISTRATORS OF DAYTON *v.* EXECUTORS OF BURNET.

CERTIORARI. ·

Where the counsel of the parties to an appeal agree that nothing shall be done on the appeal during the term, and leave the Court and afterwards the appellee without notice to the appellant, and without apprising the Court of what had occurred, employs other counsel and procures the dismissal of the appeal, the order for dismissal will be reversed by this Court and the appeal reinstated.

*Scudder* for plaintiffs.

*Frelinghuysen* for defendants.

The opinion of the court was delivered by

EWING, C. J.    The judgment of the justice upon the verdict of a jury was rendered in favor of Burnet, on the 29th of July, 1822.    At the ensuing term of the Court of Common Pleas, in September, 1822, by a rule of that court, time was given to Dayton as appellant, until the first day of the next term, to return his appeal.    On the first day of the next term, the 7th of January, 1823, as appears by a transcript of entries in the minutes returned with the certiorari, an order of the court was made that the papers of the appeal which had been returned pursuant to the rule of the last term, should be "filed of record."    And afterwards on the 21st of January, of the same term, an order of the court was made, the entry of which is as follows:    "The trial of this appeal being ordered on by the court and the appellant not appearing to prosecute the same it is ordered that the said appeal be dismissed with costs, and that the said appellee the plaintiff below have execution for the amount of the judgment recovered before the justice with

Dayton *v.* Burnet.

the costs of this appeal to be taxed." And all these proceedings are brought here by writ of certiorari directed to the Court of Common Pleas.

It appears before us that after the first order on the appeal of January term, 1823, was made, the counsel of Dayton, and the counsel originally employed by Burnet, having occasion to attend another court, agreed that nothing further should be done upon the appeals, in which they were mutually concerned, during that term, and left the court. Afterwards Burnet, without notice to the appellant, and without apprising the court of what had occurred, and possibly without himself knowing it, for of that we are not informed, employed other counsel and procured the order for the dismissal of the appeal. An order made under such circumstances ought not to be sustained. The court has repeatedly set aside the judgments of justices obtained by surprise and circumvention, and in the case of *Truax* v. *Roberts*, 1 *South.* 288, a judgment was reversed because the defendant was prevented from attendance by imprisonment for contempt of the Court of Oyer and Terminer with which the plaintiff had no concern.

It was said, at the bar, that if the appellant is entitled to relief he might have obtained it by mandamus requiring the court to proceed to hear and determine the appeal. However that may be, the appellant may nevertheless if he think proper clear out of the way by certiorari the order by which he is aggrieved.

It was also said, that it is shewn by the papers returned here that the appeal was not demanded nor the affidavit filed in due and legal season, and therefore the appeal was rightfully dismissed. But it is certain that these defects were not taken into view by the court, nor was the appeal dismissed on that ground, but solely as is expressed in the order, for want of prosecution. Whether these defects were waived and the appeal entered by consent, or were otherwise satisfactorily explained and cured, or whether they

were entirely overlooked, we know not; and what is their effect on the rights of the appellant or the appeal he has made we inquire not, leaving them by the order we make to the court below, the proper tribunal, and without the slightest prejudice to the appellee. Let the order of the Court of Common Pleas, for the dismissal of the appeal and for the issuing of execution be quashed, set aside and made void, and let there be entered a rule on that court to proceed as if that order had never been made.